UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANTOINE ROSS,

                               Plaintiff,

   v.                                               9:19-CV-1207
                                                            (MAD/DJS)

J M HOLLAND, et al.,

                               Defendants.
_____

APPEARANCES:

ANTOINE ROSS
Plaintiff, pro se
16-A-4979
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

MAE A. D'AGOSTINO
United States District Judge

**DECISION AND ORDER**

**I.    INTRODUCTION**

     On or about September 27, 2019, pro se plaintiff Antoine Ross ("plaintiff") commenced this action by filing a complaint, accompanied by an application to proceed in forma pauperis ("IFP"). Dkt. Nos. 1, 2. In accordance with 28 U.S.C. § 1915 ("Section 1915") and 28 U.S.C. § 1915A ("Section 1915A"), the Court reviewed those submissions and issued a Decision and Order on October 24, 2019, granting plaintiff's IFP application and dismissing plaintiff's complaint, with leave to amend, after concluding that it failed to state a claim upon which relief may be granted. Dkt. No. 5 ("October Order").

Plaintiff availed himself of the opportunity to amend, and the Court received his amended complaint on or about November 6, 2019. Dkt. No. 7 ("Am. Compl."). The Clerk has forwarded that submission to the Court for review.

## II. DISCUSSION

### A. Governing Legal Standard

The legal standard governing the review of a pro se inmate-plaintiff's complaint pursuant to Sections 1915 and 1915A was discussed at length in the October Order and will not be restated in this Decision and Order. October Order at 2-4.

### B. Summary of the Amended Complaint

Although plaintiff is now incarcerated elsewhere, at all times relevant to this action plaintiff was confined in Clinton Correctional Facility ("Clinton C.F."), a prison operated by the New York State Department of Corrections and Community Supervision ("DOCCS"). *See generally* Am. Compl.

On July 8, 2018, plaintiff was "in the North Yard" when an unidentified inmate attacked plaintiff with "a shiny object." Am. Compl. at 3. Defendants John Doe 1 and John Doe 2, both of whom are identified as Clinton C.F. Correctional Officers, "took their time to arrive to the attack." *Id.* Plaintiff was escorted immediately to the infirmary. *Id.* As a result of the attack, plaintiff "suffered . . . six puncture wounds and cuts on the neck and chest area." *Id.* Plaintiff was administered "three Tylenol" the night of the attack, which did not alleviate plaintiff's pain and discomfort. *Id.* No x-rays were taken of plaintiff. *Id.* Despite "the opinions of other medical personnel" at the facility, defendant John Doe 3, a physician at Clinton C.F., refused to provide plaintiff stitches for "the deep cut on [his] chin." *Id.*

Defendant Doe 3 insulted plaintiff, discharged him without any further medical care, and refused to arrange any follow-up medical care for plaintiff's injuries. *Id.* Plaintiff was then transferred into involuntary protective custody. *Id.* at 4. According to plaintiff, he wrote defendant John Doe 4, the "Warden" at Clinton C.F., "explaining that th[e] attack [on July 8, 2018,] was continuous from the last disciplinary ticket he rec[ei]ved while at the Clinton [C.F.] where two unknown inmates assaulted plaintiff with a bo[u]lder to the facial area." *Id.*

In addition to defendants Doe 1, 2, 3, and 4, plaintiff's complaint names Clinton C.F. Sergeant J. Holland, Clinton C.F. Lieutenant D. Menard, and the State of New York as defendants. Liberally construed, plaintiff asserts the following causes of action: (1) Eighth Amendment failure to protect and/or failure to intervene against defendants Doe 1, 2, and 4; (2) Eighth Amendment deliberate medical indifference against defendants Doe 3 and Holland; and (3) a Fourth Amendment violation. For a complete statement of plaintiff's claims, reference is made to the amended complaint.

### C.   Analysis

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 ("Section 1983"), which establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. "Section 1983 itself creates no substantive rights[ but] provides . . . only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James,* 13 F.3d 515, 519 (2d Cir. 1993).

#### 1.  State of New York

As explained in the October Order, the State of New York is immune from being sued under Section 1983.  *See* October Order at 5-6.  For that reason, the Court dismissed all claims asserted against that defendant with prejudice.  *Id.* at 13.  Accordingly, to the extent plaintiff's amended complaint attempts to reassert claims against the State of New York, they remain dismissed with prejudice.

### 2. Eighth Amendment Failure to Protect and/or Intervene

The legal standard governing Eighth Amendment failure to protect claims was set forth in the Court's October Order and will not be restated in this Decision and Order.  October Order at 8-9.

Although similar in nature, Eighth Amendment failure to intervene claims arise in a slightly different context.  Law enforcement officers have a duty to intervene and prevent a cruel and unusual punishment, prohibited by the Eighth Amendment, from occurring or continuing.  *Farmer v. Brennan*, 511 U.S. 825, 836 (1994); *Hayes v. N.Y. City Dep't of Corrs.*, 84 F.3d 614, 620 (2d Cir. 1996); *see also Ayers v. Coughlin*, 780 F.2d 205, 209 (2d Cir. 1985) ("The failure of custodial officers to employ reasonable measures to protect an inmate from violence by other prison residents has been considered cruel and unusual punishment.").  A plaintiff asserting a failure to intervene claim must prove that the defendant actually knew of and disregarded an excessive risk of harm to his health and safety.  *Hayes*, 84 F.3d at 620. To establish liability on the part of a defendant under this theory, "the plaintiff must adduce evidence establishing that the officer had (1) a realistic opportunity to intervene and prevent the harm, (2) a reasonable person in the officer's position would know that the victim's constitutional rights were being violated, and (3) that officer does not take reasonable

4

steps to intervene." *Henry v. Dinelle*, No. 10-CV-0456, 2011 WL 5975027, at *4 (N.D.N.Y. Nov. 29, 2011) (citing *Jean-Laurent v. Wilkinson*, 540 F. Supp. 2d 501, 512 (S.D.N.Y. 2008)); *see also Farmer*, 511 U.S. at 842 ("[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm."); *O'Neill v. Krzeminski*, 839 F.2d 9, 11-12 (2d Cir. 1988) (finding no realistic opportunity to intervene where "three blows were struck in . . . rapid succession").

### a. Defendants Doe 1 and 2

With respect to defendants Doe 1 and 2, plaintiff's amended complaint alleges that they "took their time to arrive to the attack" on July 8, 2018. Am. Compl. at 3. Any failure to protect claim arising from those allegations is subject to dismissal because plaintiff does not allege that defendants Doe 1 and 2 had any reason to know that an attack by the unidentified inmate was imminent, nor are there any allegations that they failed to act to protect plaintiff with the required deliberate indifference. Accordingly, plaintiff's failure to protect claims asserted against defendants Doe 1 and 2 are dismissed pursuant to Sections 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Turning to plaintiff's failure to intervene claim, as alleged in the amended complaint, defendants Doe 1 and 2 arrived after the attack was over, and therefore could not have had a reasonable opportunity to prevent the harm from occurring. Am. Compl. at 3. Accordingly, plaintiff's failure to intervene claims asserted against defendants Doe 1 and 2 are dismissed pursuant to Sections 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

5

### b. Defendant Doe 4

With respect to defendant Doe 4, plaintiff alleges that, while he was confined in involuntary protective custody after he was attacked on July 8, 2018, he "wrote to [defendant Doe 4] explaining that this attack was continuous from the last disciplinary ticket he rec[ei]ved while at the Clinton [C.F.] where two unknown inmates assaulted plaintiff with a bo[u]lder to the facial area." Am. Compl. at 4. Even liberally construed, the foregoing allegations to not support a failure to protect or failure to intervene claim against defendant Doe 4. In particular, the amended complaint fails to allege that defendant Doe 4 had a reason to know that plaintiff was at risk of harm prior to the incident on July 8, 2018. Although plaintiff alleges that he had been previously assaulted by two unknown inmates at Clinton C.F., plaintiff does not allege that defendant Doe 4 knew, or should have known, about those incidents. There are also no allegations concerning when those two previous assaults occurred, whether either of the inmates who assaulted plaintiff the first time were involved in the second assault on July 8, 2018, or that defendant Doe 4 was in any position to intervene and protect plaintiff from harm. Accordingly, plaintiff's failure to protect and failure to intervene claims asserted against defendant Doe 4 are dismissed pursuant to Sections 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### 3. Eighth Amendment Deliberate Medical Indifference

The legal standard governing Eighth Amendment deliberate medical indifference claims was set forth in the October Order and will not be repeated in this Decision and Order. October Order at 9-10.

### a. Defendant Doe 3

Mindful of the Second Circuit's instruction that a pro se plaintiff's pleadings must be liberally construed, *see, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the Court will require a response to plaintiff's Eighth Amendment deliberate medical indifference claim asserted against defendant Doe 3. In so ruling, the Court expresses no opinion as to whether it can withstand a properly filed dispositive motion.

### b. Defendant Holland

The Court reaches a different conclusion, however, concerning plaintiff's claim asserted against defendant Holland. Plaintiff only alleges that defendant Holland "exerci[s]ed deliberate indifference[] to plaintiff['s] helath and safety by refusing, for no reason, to authorize proper medical assistance." Am. Compl. at 4. There are no other allegations describing defendant Holland's conduct. Such vague and conclusory allegations are not sufficient to survive an initial review under Sections 1915 and 1915A. *See, e.g., Nova v. Smith*, No. 19-CV-0072, 2019 WL 2636817, at *4 (N.D.N.Y. June 27, 2019) (finding the plaintiff's allegation that the defendant "'acted with . . . reckless disregard to a known substantial risk of serious injury'" was conclusory and not sufficient to survive review under Sections 1915 and 1915A); *Singletary v. Tomarken*, No. 13-CV-4727, 2013 WL 5302201, at *2 (E.D.N.Y. Sept. 19, 2013) (dismissing the plaintiff's deliberate medical indifference claims asserted against four defendants where the complaint alleged only that the "'the doctors,

7

supervisors and medical directors/administrators at the [correctional f]acility have committed medical malpractice, deliberate indifference, and cruel and unusual punishment'"). Accordingly, plaintiff's Eighth Amendment deliberate medical indifference claim asserted against defendant Holland is dismissed pursuant to Sections 1915(e)(2)(B)(ii) and 1915A(b)(1).

### 4. Defendant Menard

As in plaintiff's original complaint, there are no allegations in the amended complaint implicating defendant Menard. As noted in the October Order, "[p]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [Section] 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994). Because the amended complaint fails to allege the personal involvement of defendant Menard, all claims asserted against him seeking damages are dismissed for failure to state a claim upon which relief may be granted pursuant to Sections 1915(e)(2)(B)(ii) and 1915A(b)(1).

### 5. Fourth Amendment

The amended complaint purports to assert a Fourth Amendment claim. *See* Am. Compl. at 4. The legal standard governing Fourth Amendment unreasonable search and seizure claims was set forth in the October Order and will not be restated in this Decision and Order. October Order at 10-11. Even liberally construed, plaintiff's amended complaint (like plaintiff's original complaint) fails to allege any facts giving rise to a cognizable Fourth Amendment claim. *See generally id.* at 3-4. In particular, there are no allegations that plaintiff was subjected to any kind of search by defendants (or anyone else). *Id.* Accordingly, plaintiff's Fourth Amendment claim is dismissed pursuant to Sections 1915(e)(2)(B)(ii) and

8

1915A(b)(1) for failure to state a claim upon which relief may be granted.

### D. Identity of and Service Upon Defendant John Doe 3

Based on the foregoing, plaintiff's amended complaint is accepted for filing only to the extent that it asserts an Eighth Amendment deliberate medical indifference claim against defendant Doe 3. It is not uncommon for a pro se plaintiff to include a John Doe or other unknown defendant(s), together with named defendants, in a complaint. In such cases, the complaint is served upon the named defendants, and the plaintiff is directed to pursue discovery to identify the John Doe(s) and to thereafter seek leave to amend the complaint to name them as defendants. *Peralta v. Doe*, No. 04-CV-6559, 2005 WL 357358, at *2 (W.D.N.Y. Jan. 24, 2005).

Here, however, no named defendant will remain in the case who can be served with a summons and complaint and through whom discovery can be pursued. Plaintiff faces the additional impediment of being currently confined in a different DOCCS prison facility than Clinton C.F., the facility in which the alleged wrongdoing occurred. The Court will therefore direct the Clerk of the Court to add to the docket, as a defendant, the Superintendent of Clinton C.F. **for the sole purpose** that service may be effected and issue may be joined. Once issued is joined, plaintiff may, through discovery, seek the identity of defendant John Doe 3. *See Peralta*, 2005 WL 357358, at *2 (permitting the addition of the superintendent to facilitate service and discovery to uncover the identities of the unknown defendants) (citing *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir.1997) (holding that the district court should assist pro se incarcerated litigants with their inquiry into the identities of unknown defendants and "may pursue any course that it deems appropriate to a further inquiry into the identity" of the

unknown defendant)).

By substituting the Superintendent of Clinton C.F. as a defendant in this action, the Court in no way suggests that the Superintendent was personally involved in any of the medical treatment plaintiff allegedly received from defendant Doe 3 and which serves as the basis of the sole remaining cause of action in this case. Plaintiff is advised that the United States Marshal Service cannot effect service on a John Doe defendant. Therefore, if plaintiff wishes to pursue his claim against defendant Doe 3, he must take reasonable steps to ascertain the identity of that individual. Upon learning the identity of defendant Doe 3, plaintiff must seek permission from the Court to file a second amended complaint to properly name him as a defendant. If plaintiff fails to ascertain the identity of defendant Doe 3 so as to permit the timely service of process, this action will be dismissed as against that individual.

## IV. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's amended complaint (Dkt. No. 7) is **ACCEPTED for filing** only to the extent that it asserts an Eighth Amendment deliberate medical indifference claim against defendant John Doe 3; and it is further

**ORDERED** that the Clerk of the Court shall add the "Superintendent of Clinton Correctional Facility" as a defendant to this action for the sole purpose of permitting service and discovery; and it is further

**ORDERED** that the Clerk of the Court shall issue a summons and forward it, along

with copies of plaintiff's amended complaint, to the United States Marshal Service for service upon the Superintendent of Clinton Correctional Facility. The Clerk shall forward a copy of the summons and amended complaint to the Office of the New York State Attorney General, together with a copy of this Decision and Order; and it is further

**ORDERED** that a response to plaintiff's amended complaint be filed by a defendant or his counsel, as provided for in the Federal Rules of Civil Procedure after service of process on a defendant; and it is further

**ORDERED** that plaintiff take reasonable steps to ascertain the identity of John Doe 3 and, if appropriate, file a motion to amend the operative complaint seeking permission to add such individual by name as a defendant in this action; and it is further

**ORDERED** that all pleadings, motions, and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. Plaintiff must comply with all requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with rule 7.1 of the Local Rules of Practice for the Northern District of New York in filing motions; motions will be decided on submitted papers, without oral argument, unless otherwise ordered by this Court. **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so may result in the dismissal of this action**; and it is further

**ORDERED** the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated: December 16, 2019
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge