UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANTOINE ROSS,

                               Plaintiff,

                v.                                         9:19-CV-1207
                                                    (MAD/DJS)

SUPERINTENDENT OF CLINTON CORRECTIONAL
FACILITY,

                               Defendant.
_____

**APPEARANCES:**                                   **OF COUNSEL:**

ANTOINE ROSS
Plaintiff, *Pro Se*
16-A-4979
Attica Correctional Facility
Box 149
Attica, New York 14011

HON. LETITIA JAMES                          LAUREN R. EVERSLEY, ESQ.
Attorney General of the State of New York     Assistant Attorney General
Attorney for Defendant
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

### I. BACKGROUND

*Pro se* Plaintiff Antoine Ross brings this civil rights action, pursuant to 42 U.S.C.

§ 1983, alleging the violation of his constitutional rights while he was in the custody of

the Department of Corrections and Community Supervision ("DOCCS") at Clinton

Correctional Facility.  *See* Dkt. No. 7, Am. Compl.  Plaintiff's original Complaint was reviewed pursuant to 28 U.S.C. §§ 1915(e) and 1915A and dismissed with leave to amend.  Dkt. No. 5.  Plaintiff filed an Amended Complaint which was again reviewed by the District Court.  Upon review, the Court concluded that the Amended Complaint would be accepted for filing "only to the extent that it asserts an Eighth Amendment deliberate indifferent claim against John Doe 3."  Dkt. No. 9 at p. 10.  That claim relates to treatment received by Plaintiff after a fight with another inmate at Clinton Correctional Facility in July 2018.  *Id.* at pp. 2-3.  The Court then directed that the Superintendent of Clinton Correctional Facility be added as a Defendant for the purpose of permitting service and allowing discovery so that Plaintiff could ascertain the identity of John Doe 3.  *Id.* at pp. 9-10.

All pretrial deadlines in the case have expired and the Superintendent of Clinton Correctional Facility has now filed a Motion for Summary Judgment, pursuant to Federal Rule of Civil Procedure 56, seeking to dismiss the Amended Complaint in its entirety.  Dkt. No. 31.  Plaintiff opposes the Motion.  Dkt. No. 33, Pl.'s Opp.  Defendant filed a Reply.  Dkt. No. 34.  In reviewing the submissions of the parties, the Court advised Defendant it construed Plaintiff's opposition to include a request for leave to amend to identify the previously unnamed John Doe 3 and provided Defendant the opportunity to respond to that request.  Dkt. No. 35.  Defendant responded in opposition to granting leave to amend.  Dkt. Nos. 36-37.

For the reasons that follow, the Court grants Plaintiff leave to amend to identify John Doe 3. The Court also recommends that the Motion for Summary Judgment on behalf of the Superintendent be **GRANTED**.

## II. LEAVE TO AMEND

The District Court previously found that Plaintiff had sufficiently alleged an Eighth Amendment medical indifference claim against John Doe 3 such that a response was required. Dkt. No. 9 at p. 7. The Court went on to add the Superintendent as a party to assist Plaintiff in identifying John Doe 3. *Id.* at p. 9. In his opposition to the Motion for Summary Judgment, Plaintiff refers to "R.N. I. Walker who I firmly believe to be John Doe # 3." Pl.'s Opp. at p. 3. In light of Plaintiff's *pro se* status, this Court construed this as a request for leave to amend. Dkt. No. 35. Defendant opposes amendment. Dkt. No. 36. Plaintiff then filed, without leave of the Court, what has been docketed as an Amended Complaint. Dkt. No. 38. Because it was filed without leave of Court, the Clerk is directed to strike Plaintiff's recent filing. *See* FED. R. CIV. P. 15(a) (governing timing of amendment without leave of court).

Federal Rule of Civil Procedure 15(a) states, in pertinent part, that leave to amend a pleading should be "freely given when justice so requires." *Tocker v. Philip Morris Cos.*, 470 F.3d 481, 491 (2d Cir. 2006); *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003). Indeed, leave to amend should be denied only in the face of undue delay, bad faith, undue prejudice to the non-movant, futility of amendment, or where the movant has repeatedly failed to cure deficiencies in previous amendments. *Foman v. Davis*, 371 U.S. 178, 182

(1962); *Kropelnicki v. Siegel*, 290 F.3d 118, 130 (2d Cir. 2002) (citing *Chill v. Gen. Elec. Co.*, 101 F.3d 263, 271-72 (2d Cir. 1996)).

Defendant opposes leave to amend primarily on the basis of Plaintiff's delay. Dkt. No. 36. Defendant points out that Plaintiff was provided medical records in June 2020 which provided Plaintiff with sufficient information from which to identify John Doe 3 and objects that Plaintiff failed to seek leave prior to the summary judgment stage of this litigation. *Id.* "Undue delay alone, is usually insufficient to deny leave to amend a pleading." *New York v. Niagara Mohawk Power Corp.*, 217 F.R.D. 299, 302 (N.D.N.Y. 2003) (citing *Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 234-35 (2d Cir. 1995)); *Swearingen v. Long*, 889 F. Supp. 587, 593 (N.D.N.Y. 1995).

While Defendant also claims undue prejudice, no specific claim of prejudice is made. *See* Dkt. No. 36. While the pretrial deadlines in this case have now expired, it is also clear that a claim against Walker could timely be brought in a new action and so no prejudice from permitting this late amendment can be shown. The nature of the claim here, that Defendant was indifferent to Plaintiff's medical needs on one occasion is not complex and the parties should be able to efficiently conduct discovery and bring the matter to a resolution. The Court, therefore, finds no prejudice that would warrant denying Plaintiff the ability to substitute Walker as John Doe 3.

Accordingly, the Court grants Plaintiff leave to amend to substitute Nurse I. Walker for John Doe 3.

### III. SUMMARY JUDGMENT

### A. Legal Standard

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [ ] affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial, and cannot rest merely on allegations or denials of the facts submitted by the movant. FED. R. CIV. P. 56(c); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994). To that end, sworn statements are "more than mere conclusory allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact. *Scott v. Coughlin*, 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding *pro se*, the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), *accord*, *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). Nonetheless, summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### B. Analysis

The Superintendent of Clinton Correctional Facility was added as a party to this action "for the sole purpose that service may be effected and issue may be joined." Dkt. No. 9 at p. 9. The District Court further stated that "[o]nce issue is joined, plaintiff may, through discovery, seek the identity of defendant John Doe 3." *Id.* The Superintendent, therefore, was made a party to this litigation solely for the purposes of providing an individual from whom discovery could be sought to assist Plaintiff in identifying John Doe 3. Consistent with this, Defendant's counsel provided Plaintiff with disclosure under

Federal Rule of Civil Procedure 26, which included medical records. Dkt. Nos. 19, 36, & 37. As discussed above, it appears that those disclosures have, in fact, enabled Plaintiff to identify John Doe 3. "Therefore, the Court finds the Superintendent of [Clinton]'s presence in this lawsuit for discovery purposes is no longer needed." *Maldonado v. Mandalaywala*, 2020 WL 1159426, at *18-19 (N.D.N.Y. Feb. 12, 2020), *report and recommendation adopted*, 2020 WL 1157643 (N.D.N.Y. Mar. 10, 2020) (citing *Reed v. Doe*, 2015 WL 902795, at *5 (N.D.N.Y. Mar. 3, 2015)).

The Superintendent is also entitled to summary judgment on the merits. "[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)). A supervisory official "may not be held liable for damages merely because he held a high position of authority." *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996). Despite this rule, the Second Circuit for some time held that a supervisory official could be held liable under circumstances related to that supervisory role that did not involve their direct action. *See Colon v. Coughlin*, 58 F.3d 865 (2d Cir. 1995). *Colon* set forth five theories of liability that could apply to supervisory officials. *Id.* at 873. The Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), however, "engendered conflict within our Circuit about the continuing vitality of the supervisory liability test set forth in *Colon*." *Reynolds v. Barrett*, 685 F.3d 193, 206 n. 14 (2d Cir. 2012). The conflict remained unresolved until the Second Circuit's recent decision in *Tangreti v. Bachmann* which concluded that "after *Iqbal*, there is no special rule for supervisory liability.

Instead, a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" 983 F.3d 609, 618 (2d Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. at 676).

*Tangreti* requires that Plaintiff allege and establish that the Superintendent "violated the Eighth Amendment by [his] own conduct, not by reason of [his] supervision of others who committed the violation." 983 F.3d at 619. Plaintiff's sole allegation is that simply being the Superintendent "places him responsible for the damages that were done." Pl.'s Opp. at p. 1. That is insufficient to establish the Superintendent's personal involvement. As a result, Plaintiff has failed to "establish a deliberate, intentional act on the part of the defendant to violate the plaintiff's rights." *Tangreti v. Bachmann*, 983 F.3d at 618 (quoting *Porro v. Barnes*, 624 F.3d 1322, 1327-28 (10th Cir. 2010)). The Amended Complaint, therefore, fails to specifically articulate the Superintendent's personal involvement in the alleged constitutional violations and should be dismissed.

Accordingly, the Court recommends that the Motion for Summary Judgment be granted and the Superintendent of Clinton Correctional Facility be dismissed as a Defendant in this action.

## IV. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff is **GRANTED** leave to substitute R.N. I. Walker for John Doe 3 in the Amended Complaint (Dkt. No. 7) and the Clerk is directed to make the change on the docket; and it is further

**ORDERED**, that the Amended Complaint filed by Plaintiff without leave of Court (Dkt. No. 38) is **STRICKEN**; and it is further

**ORDERED**, that the Clerk forward the Amended Complaint, the Court's prior Order (Docket No. 9), and this Decision to the United States Marshals Service for the purpose of serving Defendant Walker; and it is

**RECOMMENDED**, that Defendant's Motion for Summary Judgment (Dkt. No. 31) be **GRANTED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[1] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: May 14, 2021
Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[1] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).