UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ANTOINE ROSS,

         **Plaintiff,**

 vs.               9:19-CV-1207
                    (MAD/DJS)
SUPERINTENDENT OF CLINTON
CORRECTIONAL FACILITY,

         **Defendant.**

---

**APPEARANCES OF COUNSEL:**

**ANTOINE ROSS**
16-A-4979
Attica Correctional Facility
Box 149
Attica, New York 14011
Plaintiff, *Pro Se*

**OFFICE OF THE NEW YORK STATE ATTORNEY GENERAL**
**LAUREN EVERSLY, AAG**
The Capitol
Albany, New York 12224
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

  *Pro Se* Plaintiff commenced this action pursuant to 42 U.S.C. § 1983, asserting a claim arising from his incarceration at Clinton Correctional Facility ("Clinton C.F.") while in the custody of the Department of Corrections and Community Supervision ("DOCCS"). *See* Dkt. No. 1 at 4. The Court dismissed Plaintiff's original Complaint with leave to amend. *See* Dkt. No. 5. Plaintiff filed an Amended Complaint on November 6, 2019, which was again reviewed by the Court. *See* Dkt. No. 9. Upon review, the Court concluded that the Amended Complaint would be

1

accepted for filing "only to the extent that it asserts an Eighth Amendment deliberate indifference claim against John Doe 3." *Id.* at 10. That claim relates to medical treatment received by Plaintiff after an altercation with another inmate at Clinton C.F. in July of 2018. *See id.* at 2-3. The Court then directed that the Superintendent of Clinton C.F. be added as a Defendant for the purpose of permitting service and allowing discovery so that Plaintiff could ascertain the identity of John Doe 3. *See id*. at 9-10.

Currently before the Court is Defendant Superintendent's motion for summary judgment filed on November 19, 2020, pursuant to Federal Rule of Civil Procedure 56. *See* Dkt. No. 31. Plaintiff filed his opposition to the motion on December 7, 2020. *See* Dkt. No. 33. On December 23, 2020, Defendant filed a reply. *See* Dkt. No. 34. On February 2, 2021, Magistrate Judge Stewart advised Defendant that he would construe the Plaintiff's opposition to include a request for leave to amend the previously unnamed John Doe 3. *See* Dkt. No. 35. Defendant responded in opposition to the granting of leave to amend. *See* Dkt. No. 36.

In a May 14, 2021, Report-Recommendation and Order, Magistrate Judge Stewart recommended that the Court grant Defendant's motion for summary judgment. *See* Dkt. No. 41 at 3. In his recommendation, Magistrate Judge Stewart first determined that summary judgment was proper because Defendant had been added as a party by the Court "for the sole purpose that service may be effected and issue may be joined," and that consistent with this aim, disclosures which had been made by Defendant allowed Plaintiff to identify John Doe 3. *See id.* at 6-7. Therefore, the Superintendent's presence in the lawsuit is no longer necessary. *See id.* Alternatively, Magistrate Judge Stewart found that dismissal of the Superintendent was appropriate on the merits because Plaintiff had not sufficiently established Defendant's personal

involvement in the alleged constitutional violations. *See id.* at 7-8. Neither party objected to Magistrate Judge Stewart's Report-Recommendation and Order.

In reviewing a report-recommendation and order, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections. *See id.*; *See also Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008). When a party fails to make specific objections, the court reviews the magistrate judge's report for clear error. *See Farid*, 554 F. Supp. 2d at 307; *see also Gamble v. Barnhart*, No. 02-CV-1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004). Since Plaintiff has not objected to Magistrate Judge Stewart's Report-Recommendation and Order, the Court reviews for clear error.

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "'cannot try issues of fact; it can only determine whether there are issues to be tried.'" *See id.* at 36-37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleadings. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(c), (e)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). The Second Circuit has held that the court is obligated to

"'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). "This liberal standard, however, does not excuse a *pro* se litigant from following the procedural formalities of summary judgment." *Id.* at 295 (citing *Showers v. Eastmond*, 00 CIV. 3725, 2001 WL 527484, *1 (S.D.N.Y. May 16, 2001)). Specifically, "a *pro se* party's 'bald assertion,' completely unsupported by evidence" is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (citing *Cary v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

In the present matter, the Court finds that Magistrate Judge Stewart correctly determined that the Court should grant Defendant's motion for summary judgment. As Magistrate Judge Stewart noted, Defendant was made party to this litigation for the sole purpose of providing an individual from whom discovery could be sought in order to assist Plaintiff in identifying John Doe 3. *See* Dkt. No. 41 at 6. Consistent with this, Defendant's counsel provided Plaintiff with disclosures, including medical records, which appear to have identified John Doe 3. *See id.* at 7. "Therefore, the Court finds the Superintendent of [Clinton]'s presence in this lawsuit for discovery purposes is no longer needed." *Maldonado v. Mandalaywala*, No. 917CV1303BKSTWD, 2020 WL 1159426, *18-19 (N.D.N.Y. Feb. 12, 2020), *report and recommendation adopted*, No. 917CV1303BKSTWD, 2020 WL 1157643 (N.D.N.Y. Mar. 10, 2020) (citing *Reed v. Doe*, 2015 WL 902795, at *5 (N.D.N.Y. Mar. 3, 2015)).

Additionally, Magistrate Judge Stewart correctly found, in the alternative, that Plaintiff failed to properly allege that Defendant was personally involved in the claimed constitutional violation. "Personal involvement of defendants in alleged constitutional deprivations is a

4

prerequisite to an award of damages under [Section] 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citing *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991); *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977)). As the Supreme Court has noted, a defendant may only be held accountable for his actions under Section 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("[P]etitioners cannot be held liable unless they themselves acted on account of a constitutionally protected characteristic"). In order to prevail on a Section 1983 cause of action against an individual, Plaintiff must establish that Defendant "violated the Eighth Amendment by [his] own conduct, not by reason of [his] supervision of others who committed the violation." *Tangreti v. Bachmann*, 983 F.3d 609, 619 (2d Cir. 2020). Here, Plaintiff alleges merely that Defendant's capacity as Superintendent "places him responsible for the damages that were done." Dkt. No. 33 at 1. As Magistrate Judge Stewart noted, this is not enough to establish the requisite "deliberate, intentional act on the part of the defendant to violate the plaintiff's rights." *Tangreti*, 983 F.3d at 618 (quoting *Porro v. Barnes*, 624 F.3d 1322, 1327-28 (10th Cir. 2010)).

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Stewart's Report-Recommendation and Order (Dkt. No. 41) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Defendant's motion for summary judgment (Dkt. No. 31) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff is **GRANTED** leave to substitute R.N. I. Walker for John Doe 3 in the Amended Complaint (Dkt. No. 7) and the Clerk of the Court is directed to make this change on the docket; and the Court further

**ORDERS** that the Clerk of the Court shall forward the Amended Complaint (Dkt. No. 7), the Court's prior Order (Dkt. No. 9), the Report-Recommendation and Order (Dkt. No. 41) and this Order to the United States Marshalls Service for the purpose of serving Defendant Walker.

**IT IS SO ORDERED.**

Dated: June 22, 2021
 Albany, New York

Mae A. D'Agostino
U.S. District Judge