UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANTOINE ROSS,

                              Plaintiff,

      - v -                                            Civ. No. 9:19-CV-1207
                                                               (MAD/DJS)

R.N. I. WALKER,

                              Defendant.
_____

**APPEARANCES:**                                     **OF COUNSEL:**

ANTOINE ROSS
Plaintiff, *Pro Se*
16-A-4979
Attica Correctional Facility
Box 149
Attica, New York 14011

HON. LETITIA JAMES                     LAUREN R. EVERSLEY, ESQ.
Attorney General of the State of New York   Assistant Attorney General
Attorney for Defendant
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      Plaintiff, an inmate in the custody of the New York State Department of Corrections and Community Supervision, brought this action pursuant to 42 U.S.C. § 1983. The Amended Complaint alleges that Plaintiff was physically assaulted by another inmate and was brought to the facility medical unit where Plaintiff alleges Defendant

Walker violated his Eighth Amendment rights by failing to provide adequate medical care. *See generally* Dkt. No. 7, Am. Compl. Defendant now moves for summary judgment based on the merits of that claim as well as Plaintiff's alleged failure to exhaust his administrative remedies. *See* Dkt. No. 57-1, Def.'s Mem. of Law. Plaintiff opposes the Motion. Dkt. No. 62.[1] For the reasons set forth below, the Court recommends that Defendant's Motion be granted.

## I. BACKGROUND

Plaintiff's Complaint concerns events on July 8, 2018 while he was an inmate at Clinton Correctional Facility. Am. Compl. at ¶ 12. Plaintiff alleges that on that date he was assaulted by an unknown inmate in a recreation yard. *Id.* He alleges that he was then taken to the facility infirmary suffering from six puncture wounds and cuts to the neck and chest. *Id.* at ¶ 14. He further alleges that he was never given X-rays to assess for further damage and was given only Tylenol despite being in severe pain. *Id.* at ¶ 15. He further claims that while some unidentified medical professionals opined that he needed stitches, none were given and he was verbally mocked by medical staff. *Id.* at ¶ 16.

Though initially identified only as a Doe Defendant, Plaintiff ultimately named Defendant Walker as the individual who allegedly denied him medical treatment on July 8th. *See* Dkt. No. 41. Defendant Walker offers a Declaration in support of the Motion which details the medical treatment she provided to Plaintiff and includes relevant

---

[1] Plaintiff's opposition addresses only Defendant's argument regarding the alleged failure of Plaintiff to exhaust his administrative remedies as required by the Prison Litigation Reform Act. Dkt. No. 62; Def.'s Mem. of Law at pp. 8-14. Given the recommended disposition on the merits, the Court does not address this argument.

medical records.  Dkt. No. 57-4, Walker Decl.  She denies any indifference to Plaintiff's medical needs.  *Id.* at ¶ 19.

## II.  STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 56(a), summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [] affidavits, if any," that there is no genuine issue of material fact.  *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial and cannot rest merely on allegations or denials of the facts submitted by the movant.  Fed. R. Civ. P. 56(c); see also *Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994).  To that end, sworn statements are "more than mere conclusory allegations subject to disregard ... they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact.

*Scott v. Coughlin*, 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). In considering a summary judgment motion, the Court's role "is carefully limited to discerning whether there are any genuine issues of material fact to be tried." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding pro se, the court must "read [his or her] supporting papers liberally, and ... interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), accord, *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). Nonetheless, summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III. DISCUSSION

To state an Eighth Amendment claim, a prisoner must demonstrate that prison officials acted with "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "[T]he plaintiff must allege conduct that is 'repugnant to the conscience of mankind' or 'incompatible with the evolving standards of decency that mark the progress of a maturing society.'" *Ross v. Kelly*, 784 F. Supp. 35, 44 (W.D.N.Y.

1992) (quoting *Estelle v. Gamble*, 429 U.S. at 102, 105-06).  For a claim such as alleged here, the inmate must demonstrate (1) a serious medical condition and (2) deliberate indifference.  *Farmer v. Brennan*, 511 U.S. 825, 834-35 (1994); *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994).  Deliberate indifference to serious medical needs can be stated where "prison guards [ ] intentionally deny[] or delay[] access to medical care or intentionally interfer[e] with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. at 104-105.  "Plaintiff must submit some evidence that a defendant interfered with his prescribed course of treatment and caused plaintiff to suffer pain." *Guarneri v. Hazzard*, 2010 WL 1064330, at *14 (N.D.N.Y. Mar. 22, 2010) (citation omitted)

The first prong is an objective standard and considers whether the medical condition is "sufficiently serious." *Farmer v. Brennan*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  The Second Circuit has stated that a medical need is serious if it presents "a condition of urgency that may result in degeneration or extreme pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotation marks and citation omitted).  Among the relevant factors to consider are "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Id.* (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

On summary judgment, the Court must view the evidence in the light most favorable to the nonmovant.  *Donohue v. Hochul*, 32 F.4th 200, 206 (2d Cir. 2022).  Under

that standard, the Court presumes, for purposes of this Motion, that Plaintiff has adequately alleged injuries sufficiently serious to satisfy the objective prong. There is no dispute that Plaintiff suffered multiple puncture wounds, including to his head and neck. Dkt. No. 57-3, Pl.'s Dep. at p. 29; Walker Decl. at ¶ 12 & Ex. A. While the record does not establish that these injuries required emergency care, they were sufficiently serious "that a reasonable doctor or patient would find important and worthy of comment or treatment." *Chance v. Armstrong*, 143 F.3d at 702. The Court, therefore, turns to the second element of a deliberate indifference claim.

That second element is a subjective standard requiring a plaintiff to demonstrate that a defendant acted with the requisite culpable mental state similar to that of criminal recklessness. *Wilson v. Seiter*, 501 U.S. at 301-03; *Hathaway v. Coughlin*, 37 F.3d at 66. A plaintiff must demonstrate that the defendant acted with reckless disregard to a known substantial risk of harm. *Farmer v. Brennan*, 511 U.S. at 836. "In order to rise to the level of deliberate indifference, the defendant must have known of and disregarded an excessive risk to the inmate's health or safety." *Wright v. Genovese*, 694 F. Supp. 2d 137, 154 (N.D.N.Y. 2010) (citing *Chance v. Armstrong*, 143 F.3d at 702). The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." *Chance v. Armstrong*, 143 F.3d at 702 (quoting *Farmer v. Brennan*, 511 U.S. at 837). As to this element, the Court finds that summary judgment is appropriate.

First, insofar as Plaintiff's claim is premised on Defendant's failure to order X-rays or other specific treatment, like stitches, or different pain medication, *see* Am. Compl. at ¶¶ 14-16; Pl.'s Dep. at p. 33, summary judgment is clearly appropriate. "[D]isagreements over medications, diagnostic techniques (e.g., the need for X-rays), forms of treatment, or the need for specialists . . . are not adequate grounds for a Section 1983 claim." *Sonds v. St. Barnabas Hosp. Corr. Health Servs.*, 151 F. Supp. 2d 303, 312 (S.D.N.Y. 2001); *see also Cusamano v. Sobek,* 604 F. Supp. 2d 416, 439 n. 37 (N.D.N.Y. 2009); *Proctor v. Vadlamudi*, 992 F. Supp. 156, 159 (N.D.N.Y. 1998).  In Defendant's medical judgment, neither X-rays nor stitches were medically warranted.  Walker Decl. at ¶¶ 17 & 18.  "It is well-established that mere disagreement over the proper treatment does not create a constitutional claim." *Chance v. Armstrong*, 143 F.3d at 703.

Second, related specifically to Defendant's examination and treatment of Plaintiff, the record finds no support for Plaintiff's claim of deliberate indifference.  The facts underlying her examination are largely undisputed.  Upon his arrival at the infirmary, Nurse Walker took Plaintiff's vital signs.  Walker Decl. at ¶ 10; Pl.'s Dep. at p. 28.  She then cleaned his wounds and applied Steri-Strips to two of the wounds.  Walker Decl. at ¶ 13; Pl.'s Dep. at p. 29.  In the professional judgment of Defendant, this care was appropriate under the circumstances.  Walker Decl. at ¶ 17.  While Plaintiff indicates that he would have preferred different treatment, he does not allege that any of his injuries were not treated.  *See* Pl.'s Dep. at pp. 28-35.  Nor does Plaintiff allege that he suffered adverse consequences as a result of the treatment he received.  *Id.* at p. 35.  Defendant

identified injuries to Plaintiff which she treated, and the record simply does not support any claim that the manner in which she did so evidenced any indifference to Plaintiff's medical needs.

The Court recognizes that the parties dispute whether Nurse Walker made verbally abusive comments to Plaintiff. *Compare* Pl.'s Dep. at pp. 26-27 *with* Walker Decl. at ¶ 16. Even if the Court presumes that Plaintiff's version of events is true, such claims of verbal harassment by medical staff during the course of otherwise-appropriate treatment do not give rise to a claim. *Ramos v. Artuz*, 2003 WL 342347, at *11 (S.D.N.Y. Feb. 14, 2003) (citing cases).

For all of these reasons, Plaintiff has failed to raise a triable issue of fact as to his Eighth Amendment medical indifference claim and summary judgment for Defendant is appropriate. The Court, therefore, recommends that summary judgment be granted on the merits of Plaintiff's Eighth Amendment claim.

### IV.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendant's Motion for Summary Judgment (Dkt. No. 57) be **GRANTED**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days[2] within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:   January 3, 2023
        Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[2] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).