UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANTOINE ROSS,

                              **Plaintiff,**

  vs.                                                   9:19-CV-01207
                                                             (MAD/DJS)

R.N. I. WALKER,

                              **Defendant.**
_____

**APPEARANCES:**                                    **OF COUNSEL:**

**ANTOINE ROSS**
16-A-4979
Attica Correctional Facility
Box 149
Attica, New York 14011
Plaintiff, *Pro Se*

**NEW YORK STATE ATTORNEY**          **LAUREN ROSE EVERSLEY, AAG**
**GENERAL**
The Capitol
Albany, New York 12224
Attorneys for the Defendant

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

    *Pro se* Plaintiff Antoine Ross commenced this action on September 27, 2019, alleging violations of his constitutional rights while incarcerated at Clinton Correctional Facility. *See* Dkt. No. 1. After some procedural history not directly relevant here, Plaintiff's only remaining claim was his Eighth Amendment deliberate indifference claim against Defendant R.N. I. Walker. *See* Dkt. Nos. 9, 43. Currently pending before the Court is Defendant's motion for summary judgment. *See* Dkt. No. 57. On January 3, 2023, Magistrate Judge Stewart issued a Report-Recommendation and Order recommending that Defendant's motion for summary judgment be

granted.  *See* Dkt. No. 63.

Plaintiff has not filed any objections to the Report-Recommendation and Order.[1]  When a party declines to file objections to a magistrate judge's report-recommendation or files "[g]eneral or conclusory objections or objections which merely recite the same arguments [presented] to the magistrate judge," the district court reviews those recommendations for clear error.  *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007).  After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]."  28 U.S.C. § 636(b)(1).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'"  *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted).  The Second Circuit has held that courts are obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education.  *Govan*, 289 F. Supp. 2d at 295 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

The Court does not discern any clear error in the Report-Recommendation and Order. Magistrate Judge Stewart correctly concluded that Plaintiff's Eighth Amendment deliberate indifference claim should be dismissed because Plaintiff's allegations that Defendant failed to order X-rays, provide pain medication beyond Tylenol, or use stitches on certain wounds amount,

---

[1] Plaintiff did oppose the underlying motion for summary judgment, but argued only that he successfully exhausted his administrative remedies.  *See* Dkt. No. 62.  That argument is irrelevant to the Report-Recommendation and Order, which decided the motion on the merits and did not address the issue of exhaustion.  *See* Dkt. No. 63 at 2 n.1, 6-8.

at most, to a disagreement over Defendant's choice of treatment, which does not rise to the level of a constitutional claim. *See Leggett v. Oneida Cnty. Corr. Facility*, No. 21-3033-CV, 2022 WL 10763530, *2 (2d Cir. Oct. 19, 2022) ("[N]either 'mere disagreement over the proper treatment' nor negligence establishes an Eighth Amendment violation for alleged inadequate medical care") (quoting *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998)). Plaintiff does not identify any other excessive risk to his health that Defendant was aware of and nevertheless left untreated. *See Darby v. Greenman*, 14 F.4th 124, 128 (2d Cir. 2021) ("[A] prison official cannot be found liable under the Eighth Amendment ... unless the official knows of and disregards an excessive risk to inmate health or safety"). Finally, "rudeness and name-calling" of the type alleged by Plaintiff "does not rise to the level of a constitutional violation." *Cuoco v. Moritsugu*, 222 F.3d 99, 109 (2d Cir. 2000) (citing *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986)).

Accordingly, after carefully reviewing the Report-Recommendation and Order, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Stewart's Report-Recommendation and Order (Dkt. No. 63) is **ADOPTED in its entirety** for the reasons set forth herein; and the Court further

**ORDERS** that Defendant's Motion for Summary Judgment (Dkt. No. 57) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: January 31, 2023
      Albany, New York

Mae A. D'Agostino
U.S. District Judge